McCauley, J.
By section 7, of an act of congress approved April 30, 1802, entitled “An act to provide for the government of the territory northwest of the river Ohio,” 1 Chase Statutes, 70, it was provided: “That the following propositions be, and the' same are hereby offered to the convention of the eastern state of the said territory when formed, for their free acceptance or rejection; which, if accepted by the convention, shall be obligatory upon the United States. First. That the section number sixteen in every township * * * shall be granted to the inhabitants’ of such township for the use of schools.” This propo *413 sition was accepted by the convention assembled to form a constitution for the state of Ohio, with the modification thereof to be assented to by congress, that all lands appropriated for the use of schools shall be vested in the legislature of this state, in trust for said purpose. This modification was afterwards assented to by congress. Act of March 3, 1803, Chase Statute, 72.
The answer in the court below sets forth the nature of the defendant’s title and the mode provided by law for taxing the property. Section 2733, Rev. Stat., which is a re-enactment of a former statute, provides that:
“ Lands held under a lease for a term exceeding fourteen years, belonging to the state or to any religious, scientific, or benevolent society, or institution, whether incorporated or unincorporated, and school and ministerial lands, shall be considered, for all purposes of taxation, as the property of the persons so holding the same, and shall be assessed in their names.”
The defendant in error insists first, that under the statutes the taxation of his lands is not provided for; and second, that if the statutes do provide for the taxation of the land, they are unconstitutional and invalid. The lands of the defendant are school lands and held under a valid lease for ninety-nine years, renewable forever. This clearly brings the property within the provisions of section 2733 above. This section applies only to lands held under a lease, and describes two kinds of property, that belonging to the state or to any religious, scientific or benevolent society, and school and ministerial lands. It could not apply to school and ministerial lands belonging to the state, before the same had been leased or sold. It must therefore apply to lands, the legal title to which is in the state, but which have been leased for a term greater than fourteen years. The lands were properly assessed for taxes under this section, if they are taxable at all.
Are the lands taxable ? They were appropriated by the United States to the inhabitants of each township for the use of schools, and the title thereto was vested in the legis *414 lature of the state “for the use aforesaid, and for no other usé, intent or purpose,” and were accepted by the state “ upon the trust aforesaid.” The state, in accepting the lands upon this trust, impliedly agreed that they or the rents and profits or proceeds of the sale thereof, should be applied to the use of schools in the several townships; and in the absence of a provision in the terms of acceptance that they should be forever free from taxation, after the lands were leased or sold, and the proceeds applied to the use upon which they were held by the state, the trust by which they were affected was fully executed; and when the land became private property it was subject to taxation as any other private property in the state.
It is insisted that the taxation of these lands would appropriate them to a purpose other than the support of schools, -and the state being under the obligation not to appropriate them to any other purpose, the lands are not taxable. This argument is at fault in assuming that the taxation of the lands would appropriate them to a purpose other than the support of schools. The taxation of property is in no proper sense an appropriation of it to any purpose. In a general sense it is nothing more than the exercise of that attribute of sovereignty by which the state provides the means of self preservation. The trust upon which the lands were accepted did not affect them after, they were leased or sold by the state, but was thereby transferred to the fund arising from the lease or sale — directing and defining the only use or purpose to which such fund should be applied.

Judgment reversed.